IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| THE QUANTUM WORLD CORPORATION,<br><br>   Plaintiff,<br><br>  v.<br><br>DELL INC.,<br>HEWLETT-PACKARD COMPANY,<br>ACER, INC., and<br>ACER AMERICA CORPORATION,<br><br>   Defendants. | Civil Action No. 2:10-cv-187<br><br>**JURY TRIAL DEMANDED** |

## ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff The Quantum World Corporation ("Quantum World") brings this action for patent infringement and alleges as follows:

### I.  THE PARTIES

1. Plaintiff Quantum World is a corporation organized and existing under the laws of Colorado with its principal place of business at 2153 SE Hawthorne Road, Suite 216, Gainesville, Florida 32641.

2. Upon information and belief, defendant Dell Inc. ("Dell") is a corporation duly organized and existing under the laws of Delaware, with its principal place of business at One Dell Way, Round Rock, Texas 78682, and is doing business in the Eastern District and elsewhere in the State of Texas.

3. Upon information and belief, Hewlett-Packard Company ("HP") is a corporation duly organized and existing under the laws of Delaware, with its principal place of business at

3000 Hanover Street, Palo Alto, California 94304, and is doing business in the Eastern District and elsewhere in the State of Texas.

4.  Upon information and belief, Acer, Inc. ("Acer") is headquartered at 8F, 88, Sec. 1, Hsin Tai Wu Road, Hsichih, Taipei 221, Taiwan, R.O.C., and is doing business in the Eastern District and elsewhere in the State of Texas.

5.  Upon information and belief, Acer America Corporation ("Acer America") is a corporation duly organized and existing under the laws of California, with its principal place of business at 333 West San Carlos Street, Suite 1500, San Jose, California 95110, and is doing business in the Eastern District and elsewhere in the State of Texas.  Upon information and belief, Acer America is a wholly owned subsidiary of Acer.

## II. JURISDICTION AND VENUE

6.  This infringement action arises under the patent laws of the United States, title 35, United States Code.  This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331, 1338(a).

7.  Dell, HP, Acer, and Acer America (collectively, "Defendants") have minimum contacts with the Eastern District of Texas such that this venue is a fair and reasonable one. Defendants have committed purposeful acts or transactions in the State of Texas such that they reasonably knew and expected that they could be haled into a Texas court as a consequence of such activity.  Accordingly, venue in the Eastern District of Texas is proper under 28 U.S.C. §§ 1391(b), 1400(b).

8.  This case is related to and involves the same patent involved in the following prior action filed in the United States District Court for the Eastern District of Texas, Marshall Division: *The Quantum World Corp. v. Atmel Corp., et al.*, Civil Action No. 2:07-cv-24-CE.

### III.  PATENT INFRINGEMENT

9.     On July 13, 2004, United States Patent No. US 6,763,364 B1 (the '364 Patent), entitled "Random Number Generator and Generation Method" was duly and lawfully issued by the United States Patent and Trademark Office to Scott Wilber.  A true and correct copy of the '364 Patent is attached as Exhibit A.

10.    The '364 Patent has been the subject of a reexamination proceeding, reexamination request number 95/000,352, in which the patentability of claim 8 is confirmed, claims 1–4 and 7 are canceled, new claim 11 is added and determined to be patentable, and claims 5, 6, 9, and 10 were not reexamined.  A copy of Reexamination Certificate US 6,763,364 C1 is attached hereto as Exhibit B.

11.    Quantum World is the assignee of the '364 Patent and holds the right to sue and recover for past, present, and future infringement thereof.

12.    Quantum World and its predecessors in interest to the '364 Patent marked all or substantially all of its products covered by the '364 Patent in accordance with 35 U.S.C. § 287(a).  Defendants received constructive notice of the '364 Patent prior to the filing of this lawsuit, in accordance with 35 U.S.C. § 287(a).

13.    Dell has infringed and continues to infringe the '364 Patent by committing actions listed in 35 U.S.C. § 271 as infringement or contributory infringement with respect to products utilizing a true random number generator, including but not limited to computers containing a Trusted Platform Module.  Dell is therefore liable to Plaintiff under 35 U.S.C. § 271.

14.    HP has infringed and continues to infringe the '364 Patent by committing actions listed in 35 U.S.C. § 271 as infringement or contributory infringement with respect to products utilizing a true random number generator, including but not limited to computers containing a Trusted Platform Module.  HP is therefore liable to Plaintiff under 35 U.S.C. § 271.

15. Acer has infringed and continues to infringe the '364 Patent by committing actions listed in 35 U.S.C. § 271 as infringement or contributory infringement with respect to products utilizing a true random number generator, including but not limited to computers containing a Trusted Platform Module. Acer is therefore liable to Plaintiff under 35 U.S.C. § 271.

16. Acer America has infringed and continues to infringe the '364 Patent by committing actions listed in 35 U.S.C. § 271 as infringement or contributory infringement with respect to products utilizing a true random number generator, including but not limited to computers containing a Trusted Platform Module. Acer America is therefore liable to Plaintiff under 35 U.S.C. § 271.

17. Defendants' acts of infringement have caused damage to Quantum World, and Quantum World is entitled to recover from Defendants the damages sustained by Quantum World as a result of Defendants' wrongful acts in an amount subject to proof at trial. Defendant's infringement of Quantum World's rights under the '364 Patent will continue to damage Quantum World, causing irreparable harm for which there is no adequate remedy at law, unless enjoined by this Court.

18. To the extent that Defendants have continued or do continue their infringing activities after receiving notice of the '364 Patent, such infringement is willful, entitling Quantum World to the recovery of increased damages under 35 U.S.C. § 284.

19. This is an "exceptional case" justifying an award of attorneys' fees and costs to Quantum World pursuant to 35 U.S.C. § 285.

## IV. JURY DEMAND

20. Quantum World requests trial by jury pursuant to Federal Rule of Civil Procedure 38.

## V.  PRAYER FOR RELIEF

WHEREFORE, Quantum World prays for relief against Defendants as follows:

a. Judgment that Defendants are infringers of the claims of the '364 Patent pursuant to 35 U.S.C. § 271;

b. Judgment that Defendants' patent infringement has been, and continues to be, willful;

c. A permanent injunction enjoining the Defendants, their respective officers, agents, servants, employees, and those acting in privity with them, from further infringing acts with respect to the '364 Patent.

d. Awarding Quantum World damages adequate to compensate for the infringement by Defendants, but in no event less than a reasonable royalty for the use made of the inventions by Defendants, together with interest and costs under 35 U.S.C. § 284;

e. Trebling the aforesaid damages due to Defendants' willful infringement, pursuant to 35 U.S.C. § 284;

f. Awarding pre- and post-judgment interest on the damages assessed;

g. Declaring this case exceptional pursuant to 35 U.S.C. § 285, and awarding Quantum World its reasonable attorney fees;

h. Costs of court; and

i. Awarding to Quantum World such other and further relief as the Court deems just.

DATED: June 3, 2010                         Respectfully submitted,

By:  */s/ J. Hoke Peacock III, by permission SCC*
J. Hoke Peacock III
Texas State Bar No. 15673980
tpeacock@susmangodfrey.com
SUSMAN GODFREY L.L.P.
1000 Louisiana Street, Suite 5100
Houston, Texas 77002
Telephone:  (713) 651-9366
Facsimile:  (713) 654-6666

Daniel J. Shih
Washington State Bar No. 37999
dshih@susmangodfrey.com
SUSMAN GODFREY L.L.P.
Third Avenue, Suite 3800
Seattle, Washington 98101
Telephone:  (206) 516-3880
Facsimile:  (206) 516-3883

Craig Smyser
Texas State Bar No. 18777575
csmyser@skv.com
Lee Kaplan
Texas State Bar No. 11094400
lkaplan@skv.com
SMYSER KAPLAN & VESELKA, L.L.P.
700 Louisiana, Suite 2300
Houston, Texas 77002
Telephone:  (713) 221-2323
Facsimile:  (713) 221-2320

Gordon T. Arnold
Texas State Bar No. 01342410
garnold@arnold-iplaw.com
ARNOLD & KNOBLOCH, L.L.P.
Sterling Bank
2401 Fountainview, Suite 630
Houston, Texas  77057
Telephone:  (713) 972-1649
Facsimile:  (713) 972-1180

S. Calvin Capshaw
Texas State Bar No. 03783900
ccapshaw@capshawlaw.com
Elizabeth L. DeRieux
Texas State Bar No. 05770585
ederieux@capshawlaw.com
CAPSHAW DERIEUX LLP
1127 Judson Road, Suite 220
P.O. Box 3999
Longview, Texas 75601-5157
Telephone:  (903) 236-9800
Facsimile:  (903) 236-8787

Brian L. Jensen
bjensen@bjensenlaw.com
B. L. JENSEN, L.P.
6750 West Loop South, Suite 800
Bellaire, Texas  77401
Telephone:  (713) 224-5500
Facsimile: (713) 665-6818

**ATTORNEYS FOR PLAINTIFF
THE QUANTUM WORLD
CORPORATION**